IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>  v.<br><br>**KEVIN M. CRONIN,**<br>**KEVIN M. CRONIN II, and**<br>**DYLAN R. CRONIN**<br><br>**Defendants.** | Case No. 22-cr-233 (ABJ) |

## JOINT MOTION TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States of America, by and through undersigned counsel, the United States Attorney for the District of Columbia, and defendants Kevin M. Cronin, Kevin M. Cronin II, and Dylan R. Cronin, by and through their attorneys, Heather Shaner, Nathan I. Silver, II, Michael Lawlor, and Nicholas Madiou, respectively, hereby file this motion to continue the status conference set for Thursday, November 10, 2022, in the above-captioned matter, for approximately 60 days, until Monday, January 9, 2023; to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*; and further to waive under Rule 43(b) an in-person hearing and request the next hearing be held by video teleconferencing (VTC). The parties request the additional time to engage in plea negotiations and review preliminary discovery productions.

1. In the last status conference held on September 9, 2022, the government discussed the state of global discovery and case-specific discovery in this matter. Since then, the government has produced hundreds of case-specific files to the defendants via USAfx, including law enforcement reports related to the defendants' arrests, documents

summarizing the defendants' criminal history, Capitol CCV footage, Metropolitan Police BWC footage, and open-source video. Case-specific discovery was produced on September 1, 2022 (Kevin M. Cronin casefile), September 14, 2022 (Kevin M. Cronin II casefile), October 12, 2022 (Dylan R. Cronin casefile), and October 13, 2022 (All video referenced in casefiles).

2. The only outstanding case-specific discovery are audio recordings of the defendants declining to be interviewed upon arrest. The government anticipates producing those recordings to defense counsel within the next 30 days, at which point case-specific discovery production will be complete.

3. Also, the government has made all global productions available on the defense instances of Relativity and Evidence.com. Since the last status hearing, global productions were made on September 28, 2022, October 12, 2022, and November 8, 2022. As of October 31, 2022, over 3.67 million files (over 4.91 terabytes of information) have been provided to the defense Relativity workspace. These files include (but are not limited to) the results of searches of 712 digital devices and 391 Stored Communications Act accounts; 1,801 FBI FD-302s and related attachments; 330 digital recordings of subject interviews; and 111,061 (redacted or anonymous) tips. Over 30,000 files consisting of body-worn and hand-held camera footage from five law enforcement agencies and surveillance-camera footage from three law enforcement agencies and the Hilton Garden Inn, have been shared to the defense Evidence.com video repositories.

4. The government expects to make additional global productions, which should include, *inter alia*, the scoped results of search warrants conducted on other Capitol riot

defendant's electronic devices and social media accounts, recorded custodial interviews of Capitol riot defendants, and additional materials in the custody and control of the FBI that may be relevant to the defendants.

5. The government is engaged in productive plea discussions with the defense and expects those discussions to continue in the near future. The government anticipates plea offers will be extended to the defendants within the next 30 days.

6. Given the discovery recently produced, continued production of global discovery, and entry into plea negotiations, the parties ask for an additional 60 days to work toward a resolution in this matter.

The parties request that the Court exclude the time until the status conference on January 9, 2022, pursuant to 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A).

The parties further request to waive under Rule 43(b) an in-person hearing and request the next hearing be held by video teleconferencing (VTC). In the interim, the defendants will file written waivers of their right to an in-person hearing.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

Date: November 9, 2022        By: /s/ Will N. Widman
                                  WILL N. WIDMAN
                                  Trial Attorney, Detailee
                                  NC Bar No. 48158

1301 New York Avenue, NW, 8th Floor<br>
Washington, D.C. 20530<br>
(202) 353-8611<br>
Will.Widman@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

      On this 9th day of November, 2022, a copy of the foregoing was served on counsel of record for the defendants via the Court's Electronic Filing System.

      */s/ Will N. Widman*
WILL N. WIDMAN
Trial Attorney, Detailee
NC Bar No. 48158
1301 New York Avenue, NW, 8th Floor
Washington, D.C. 20530
(202) 353-8611
Will.Widman@usdoj.gov